IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NUTINA PEOPLES DILLARD, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CIVIL ACTION NO: 2:08cv1006-MEF |
| | ) | |
| INTERNATIONAL BROTHERHOOD | ) | |
| OF ELECTRICAL WORKERS, | ) | |
| | ) | |
|     Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Plaintiff's complaint, as amended pursuant to the Court's Order of January 7, 2009. (Docs. #1, 5). Plaintiff's original complaint is a form complaint for employment discrimination claims premised on Title VII of the Civil Rights Act of 1964. In it, Plaintiff alleged that her former labor union "fail[ed] to represent me for years of membership." Plaintiff set forth the nature of her complaint as follows:

> Refuse to fight form me. Even when I was discharge [sic] for no reason. I came to work as I was told. And the doctor corrected the misstake [sic] his staff made and also put in the correction. If you need or have any question contact him. Before I was terminated.

Complaint (Doc. #1) at 2. Plaintiff alleged no particular form of discrimination against her, other than to remark "[j]ust wouldn't be me." Given the paucity of factual allegations and substantive law in the complaint, as well as the apparent misuse of a Title VII form complaint to allege claims unrelated to employment discrimination, the Court ordered Plaintiff to

1

amend her complaint to more fully and clearly set forth her claims for relief. (Doc. #4).

Plaintiff's amended complaint does little to alleviate the Court's concerns with her original complaint. With the amended complaint, Plaintiff filed a lengthy and rambling narrative of events during her employment with her former employer which, presumably, she feels should have caused her former union to more vigorously represent her interests. As for allegations against the union itself, Plaintiff only adds "for years of [illegible] the company mistreat me and I'll paying my due for you'll to protect me. I ask the court for $6,000,000.00." Amended Complaint (Doc. #5) at 2. Along with the narrative statement, Plaintiff also included with her amended complaint a letter, dated August 8, 2007, in which her former union explains to her that, "[a]fter careful consideration by the System Committee of the facts and circumstances in this grievance, it is the decision of the System Committee not to arbitrate your case."

To the extent Plaintiff intended to file an employment discrimination claim premised on Title VII of the Civil Rights Act of 1964, her complaint is due to be dismissed because she has failed to state a claim. Plaintiff was not employed by Defendant and she has not alleged that she was a victim of unlawful discrimination due to her membership in a protected class of citizens.

However, the undersigned does not recommend dismissal on that basis because, affording Plaintiff's *pro se* pleadings appropriate lenience and "liberal construction," *see Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), the complaint should not be

2

construed as alleging unlawful employment discrimination. Rather, Plaintiff's complaint appears to allege that the union breached its duty of fair representation under the National Labor Relations Act, 29 U.S.C. § 151 *et seq*. Even construing Plaintiff's complaint as such, for the reasons given below, it is still due to be dismissed.

Plaintiff has failed to state a claim that her union breached its duty of fair representation. "In evaluating whether a complaint states a claim upon which relief can be granted, [the Court] must accept the well-pleaded allegations of the complaint as true and draw all reasonable inferences therefrom in favor of the complaining party." *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S.Ct. 1955, 1974 (2007). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 1965.

"A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). Plaintiff's complaint is devoid of any factual allegations suggesting that the union's conduct in this matter - presumably its decision not to arbitrate on her behalf - was "arbitrary, discriminatory, or in bad faith." A labor union is "not under an absolute duty to pursue a grievance through arbitration," even if the grievance is itself meritorious. *Stanley v. General Foods Corp.*, 508 F.2d 274, 275 (5th Cir.

1975). Rather, the union is only required to act in a manner that is not "arbitrary, discriminatory, or in bad faith." The *only* factual allegation lodged against the union, simply that it "refused to fight for" and "failed to represent" Plaintiff, is conclusory and amounts to nothing more than bare speculation. Plaintiff has alleged no facts supporting a conclusion that the union acted arbitrarily, discriminatory, or in bad faith. Accordingly, Plaintiff has failed to state a claim that the union breached its duty of fair representation and her complaint is due to be dismissed.[1]

Because Plaintiff's complaint fails to state a claim that Defendant breached its duty of fair representation, it is the RECOMMENDATION of the undersigned Magistrate Judge that her complaint be dismissed and judgment entered in favor of Defendant. It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before April 15, 2009**. Any objections filed must specifically

---

[1] Plaintiff's complaint may also be dismissed on the grounds that it appears time-barred. "When a union member sues a union for breaching its duty of fair representation, the six-month statute of limitations established in § 10(b) of the National Labor Relations Act ("NLRA") applies." *Steward v. International Longshoreman's Association, Local No. 1408*, 2009 WL 36831 at *2 (11th Cir. Jan. 8, 2009). Section ten states "that no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge . . . ." 29 U.S.C. § 160(b). The six-month limitations period begins to run "'when plaintiffs either were or should have been aware of the injury itself.'" *Steward*, 2009 WL 36831 at *2 (quoting *Benson v. Gen. Motors Corp.*, 716 F.2d 862, 864 (11th Cir. 1983)). As reflected on the letter Plaintiff provided with her Amended Complaint, Plaintiff was made aware of the union's decision not to pursue arbitration on her behalf in August of 2007. Thus, her Complaint, filed in December of 2008, appears untimely pursuant to the six-month limitations period set forth in 29 U.S.C. § 160(b).

identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 2nd day of April, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE